# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

| | |
|---|---|
| ASTINA HICKS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONAL FAMILY MEDICINE, P.A.<br><br>Defendant. | Case No. 3:23-cv-3054-TLB |
| KAREN LUEBKE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONAL FAMILY MEDICINE, P.A.<br><br>Defendant. | Case No. 3:23-cv-3055-TLB |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ASTINA HICKS AND KAREN LUEBKE FOR CONSOLIDATION OF RELATED ACTIONS

### I.   INTRODUCTION

Plaintiff Astina Hicks and Plaintiff Karen Luebke, (collectively referred to herein as "Plaintiffs"), by and through their counsel of record, submit this Memorandum of Law in support of their Motion to consolidate *Karen Luebke, individually, and on behalf of all others similarly situated, v. Regional Family Medicine, P.A.,* Case No. 3:23-cv-3055-TLB, currently pending before the Honorable Timothy L. Brooks (*Luebke v. Regional Family Medicine*) with and into *Astina Hicks, on behalf of herself and all others similarly situated, v. Regional Family Medicine, P.A*, Case No. 3:23-cv-3054-TLB, also currently pending before the Honorable Timothy L. Brooks (*Hicks v. Regional Family Medicine*), pursuant to Federal Rule of Civil Procedure 42(a).

As discussed more fully below, because the two actions involve (1) common questions of law and fact; (2) claims and relief arising from the same transaction or occurrence; and (3) an overlap of parties, consolidation of *Luebke v. Regional Family Medicine* with and into *Hicks v. Regional Family Medicine* will serve the interests of convenience and economy, both for the Court and litigants, and would avoid unnecessary cost or inconsistent results.

## II.     BACKGROUND

Regional Family Medicine is a primary care practice based in Mountain Home, Arkansas. Regional Family consists of two clinics in Mountain Home, Arkansas, where providers offer a range of primary care services. Regional Family also provides radiology services and performs minor surgeries. Regional Family Medicine employs more than 70 people and generates approximately $8 million in annual revenue.

On June 26, 2023, Regional Family Medicine experienced an IT outage, preventing access to certain systems. In response, Regional Family began working with third-party data security specialists to investigate the incident and any potential impact on patient data. The Regional Family investigation confirmed that an unauthorized party was able to access its network between June 8, 2023 and June 26, 2023. During this period, the unauthorized party accessed and may have acquired files containing confidential patient information.

On December 18, 2023, Plaintiff Hicks filed his Class Action Complaint in the Western District of Arkansas. Plaintiffs Luebke filed her Class Action in the same Court on the same day. Counsel in these Related Actions acted promptly to coordinate their efforts and to move the cases forward efficiently.

## III.     LAW AND ARGUMENT

### a.     The Court Should Consolidate the Actions Pursuant to F.R.C.P. 42(a)

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions that "involve a common question of law or fact." This Court has broad discretion in determining whether consolidation is appropriate. *See E.E.O.C. V. HBE Corp.*, 135 F.3d, 543, 551 (8th Cir. 1998); *A/S J. Ludwig Monwinckles Rederi v. Tidewater Contr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). In deciding on consolidation, courts consider whether it "will serve the interests of convenience and economy

in administration and avoid unnecessary cost or delay." *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994); *Polito v. Molasky*, 123 F.2d 258, 262 (8th Cir. 1995) (affirming decision to consolidate copyright infringement action alleging fraud, breach of contract, and breach of fiduciary duty).

Consolidation is clearly appropriate here due to the substantial overlap in parties, issues and evidence. Both actions involve the same single data breach incident, and Plaintiff Hicks and Luebke both seek damages for personal injuries they sustained as a result of the data breach incident. The allegations in both Class Action Complaints involve the same Defendant (Regional Family Medicine, P.A.), identical claims of negligence, identical questions of law and fact arising from the same data breach incident and are both pending in the United States District Court for the Western District of Arkansas, Harrison Division before the Honorable Timothy L. Brooks.  Federal Rule of Civil Procedure 42(a) only requires the existence of a single common question of law or fact for consolidation to be appropriate. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (in order to consolidate, courts must "find at least one common issue of law or fact," but "need not find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial"). Here, the two cases involve numerous identical questions of law and precisely the same set of facts.

Consolidation will also serve the interests of convenience and economy in administration and avoid unnecessary cost or inconsistent results. A consolidation of these actions for all purposes would avoid unnecessary duplication of filings and confusion related to pre-trial matters, hearings before the court, trial testimony, and other duplications arising from separate trials of nearly identical actions. Advantages of consolidation also include cost and time savings for the parties, diminished inconvenience for the witnesses, and a reduced or eliminated risk of inconsistent adjudications of common questions of law and fact. For the sake of judicial economy to the Court and the litigants, the Court should consolidate *Luebke v. Regional Family Medicine* with and into *Hicks v. Regional Family Medicine*.

## IV.  CONCLUSION

For the reasons discussed above, Astina Hicks and Karen Luebke respectfully request that the Court: (1) consolidate *Karen Luebke, individually, and on behalf of all others similarly situated, v. Regional Family Medicine, P.A.,* Case No. 3:23-cv-3055-TLB, currently pending before the Honorable Timothy L. Brooks (*Luebke v. Regional Family Medicine*) with and into *Astina Hicks, on behalf of herself and all others similarly situated, v. Regional Family Medicine, P.A*, Case No. 3:23-cv-3054-TLB, also currently pending before the Honorable Timothy L. Brooks (*Hicks v. Regional Family Medicine*).

Respectfully submitted,

Josh Sanford
Ark. Bar No. 200137
**Sanford Law Firm, PLLC**
Kirkpatrick Plaza
10800 Financial Centre. Pkwy. Ste. 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com

Bryan L. Bleichner
Philip J. Krzeski
**Chestnut Cambronne PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

Daniel Srourian, Esq.
**Srourian Law Firm, P.C.**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
(213) 474-3800
daniel@slfla.com